German ZUNIGA–HURTADO, aka Herman Zuniga, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 12–70076.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2014.

Filed Dec. 12, 2014.

German Zuniga–Hurtado, Florence, AZ, pro se.

Matthew Thomas Schoonover, Snell & Wilmer L.L.P., Phoenix, AZ, for Petitioner.

Yamileth G. Davila, OIL, Rebecca Hoffberg Phillips, Esquire, Ada Elsie Bosque, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM [*]

German Zuniga–Hurtado petitions for review of a decision of the Board of Immigration Appeals affirming the immigration judge's denial of his motion to terminate removal proceedings based on Zuniga–Hurtado's claim that he was a citizen of the United States. We review the BIA's decision regarding legal question related to claims of citizenship de novo. *See Scales v. INS*, 232 F.3d 1159, 1162 (9th Cir.2000). Because genuine issues of material fact existed with regard to Zuniga–Hurtado's nationality, we transferred this matter to the district court for a determination of Zuniga–Hurtado's claim of United States citizenship. *See* 8 U.S.C. § 1252(b)(5)(B). The district court held a hearing on Zuniga–Hurtado's citizenship claim and denied declaratory relief. Zuniga–Hurtado now seeks review of the district court's decision that he failed to prove his claim of United States citizenship. We have jurisdiction under 8 U.S.C. § 1252(b)(2). Because the district court's finding that Zuniga–Hurtado failed to establish that he was a United States citizen was not clearly erroneous, we deny the petition for review.

1. The district court correctly applied the preponderance of the evidence burden of proof to Zuniga–Hurtado's citizenship claim. *See Sanchez–Martinez v. INS*, 714 F.2d 72, 74 (9th Cir.1983) (per curiam). There is no basis for us to adopt a new burden of proof, even if we had the jurisdiction to do so. *See In re Findley*, 593 F.3d 1048, 1050 (9th Cir.2010).

2. The district court's factual findings regarding Zuniga–Hurtado's claim of United States citizenship were not clearly erroneous. *See Sanchez–Martinez*, 714 F.2d at 74. The district court also concluded that, in the alternative, even accepting all of Zuniga–Hurtado's submitted evidence, he failed to meet his burden of proof that his mother was present in the United States for five years between 1936 and 1961. Based on a review of the record, this finding is not "(1) illogical, (2) implau-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sible, or (3) without support in inferences that may be drawn from the facts in the record." [1] *United States v. Hinkson,* 585 F.3d 1247, 1262 (9th Cir.2009) (en banc) (quotation marks omitted).

**PETITION FOR REVIEW DENIED.**

---

1. Because we conclude that the district court's alternative finding was not clearly erroneous, we need not address Zuniga–Hurtado's challenges to the district court's evidentiary findings.